IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JOHNNY RUSSELL JOHANSSON, # 167136**                                                                   **PLAINTIFF**

**VERSUS**                                                                    **CIVIL ACTION NO. 5:14cv80-KS-MTP**

**FORREST AL JOHNSON and DAVID
BLALOCK, SR., DECEASED**                                                                                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Johnny Russell Johansson is incarcerated with the Mississippi Department of Corrections and brings this action for damages, challenging his convictions for child fondling, probation revocation, and failure to register as a sex offender. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

### BACKGROUND

According to Johansson, he is currently confined at the Central Mississippi Correctional Center. He was originally convicted on April 4, 2011, when he pled guilty to child fondling, in the Adams County Circuit Court. He was represented by David Blalock, Sr., now deceased. The trial judge was Forrest Al Johnson. Judge Johnson sentenced Johansson to a total of eleven years for that charge, some of which was to be served on probation. On November 22, 2013, he was indicted for failure to register as a sex offender. For that, he contends he was convicted, and his probation was revoked.

Johansson filed this action under 42 U.S.C. § 1983 and state law, contending that his original guilty plea was unknowing. He claims that he is deaf and illiterate and did not have an interpreter to explain the plea proceedings. He sues Judge Johnson, claiming that he should have

provided an interpreter. Johansson also brings claims against his former attorney, claiming that he forged Johansson's signature on the guilty plea and falsely represented to the court that he was pleading guilty. Johansson contends that he is innocent and would not have pled guilty in the first place. Because he contends his original conviction is illegal, he likewise maintains that he should not have been convicted of failure to register or for a probation violation. As relief, he seeks damages. He maintains a separate habeas action in *Johansson v. King*, cause number 5:14cv96-DCB-MTP.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Johansson to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

A civil action that challenges the fact or duration of a state conviction or sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In such a case, a "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Where success on the claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

Johansson challenges the fact of all three of his convictions, claiming that he was innocent of child fondling and that his guilty plea to that charge was unknowing. Success on any one of his claims will necessarily invalidate all three of his state convictions. Therefore, the claims may only proceed if he proves the convictions have already been invalidated. He admits that they still stand.

Because the convictions have not yet been invalidated, Johansson is precluded by *Heck* from challenging them in this civil action at this time. The claims are dismissed with prejudice for failure to state a claim, until such time as he successfully has the convictions invalidated, via appeal, post conviction relief, habeas, or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). This dismissal counts as a strike under § 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be, and is hereby **DISMISSED** with prejudice for failure to state a claim until

such time as the convictions are invalidated. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 16th day of December, 2014.

                *s/Keith Starrett*
                UNITED STATES DISTRICT JUDGE